**Mark Vinicio DUARTE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73498.

Agency No. A37–284–489.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

John R. Alcorn, Esq., Law Offices of John R. Alcorn, Irvine, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Mark Vinicio Duarte, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") decision finding him ineligible for discretionary relief from removal under Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c). Duarte was found removable under INA § 237(a)(2)(B)(I) as an alien convicted of a controlled substance violation, and INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(B). We dismiss the petition for review for lack of jurisdiction.

Duarte does not contest the IJ's finding that his federal drug trafficking conviction constitutes a "controlled substance violation" and an "aggravated felony." Accordingly, we lack jurisdiction to review the decision further. *See* 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [certain sections of the INA]."). Thus, we may not reach Duarte's argument that the BIA abused its discretion in denying him relief from deportation under § 212(c), and cannot address his due process or retroactivity arguments. *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1067–68 (9th Cir.2003) (the "appellate court does not retain jurisdiction to consider even substantial constitutional claims regarding removal orders covered by 8 U.S.C. § 1252(a)(2)(C)").

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.